Bukket, J.
When stripped of their general charges of illegality and violation of statutes, the petitions in substance aver that the decennial board of equalization largely increased the amount of the total returns made by the district assessors, both in the city and county, and that the county auditor has certified the amounts of the returns so made by the district assessors, together with the increase made by the boards of equalization, to the auditor of state, so that the auditor of state has both the amounts as returned by the district assessors, and the increase added by the boards of equalization, and the totals of both added together; and the prayers of the petitions are, that the county auditor be compelled to make out and transmit to the auditor of state the amounts returned by the district assessors, without the additions made thereto by the decennial boards of equalization. It does not at first view clearly and plainly appear in the peti *231 tions that the county auditor has transmitted to the auditor of state the totals returned by the district assessors, the additions made thereto by the decennial boards of equalization, and the totals arising from such additions; but taking the petitions by the four corners, and construing them in the light, and with the knowledge, possessed by the court of such transactions, those facts appear with sufficient clearness to take them as 'true, when testing the sufficiency of the petitions, by a general demurrer.
The ground upon which it is urged that the additions made by the decennial boards of equalization should be withdrawn, is that those boards acted in violation pf the statutes prescribing their duties in making the additions, and that the violation of duty was so flagrant as to render their acts not only irregular, but void and of no effect, and being thus void, -that the returns of the assessors should stand as if no increase or decrease had been made by the boards of equalization.
The question then comes to this: Were the proceedings of the decennial city and county boards of equalization, in making the additions to the returns of the district assessors, when made in the manner as charged in the petitions, void, or merely irregular? If void the additions should be disregarded, but if only irregular, they must be held to be legal.
The law prescribing the duties of such boards, is section 2814, Revised Statutes, as amended 94 O. L., 246, and which reads as follows:
“Section 2814. The auditor shall lay before the board the returns made by the district assessors, with the. additions which he shall have made thereto,; and they shall then immediately proceed to equalize such valuation, so thát each tract or lot sliall be, en *232 tered on the tax list at its true value, and for this purpose they shall observe the following rules :
“1st. They shall raise the valuation of such tracts and lots of real property as, in their opinion, have been returned below their true value, to such price or sum as they may believe to be the true value therof, agreeably to the rules prescribed by -this title for the valuation thereof.
“2d. They shall reduce the valuation of such tracts and lots as, in their opinion, have been returned above their true value, as compared with the average valuation of the real property of such county, having due regard to their relative situation, quality of soil, improvement, natural and artificial advantages possessed by each tract or lot.
“3d. They shall not reduce the aggregate value of the real property of the county below the aggregate value thereof, as returned by the assessors, with the additions made thereto by the auditor, as hereinbefore required.”
The rule prescribed by the title to which the above section belongs is found in section 2792, and is that each parcel of real property shall be valued at its true value in money. This is also the rule prescribed by the constitution of the state. Section two of article twelve.
It was therefore the sworn duty of each board of equalization to raise or reduce each parcel of real property to such an amount, as, in their opinion, was its true value in money; and no restriction is placed upon the manner of forming that opinion when it comes to raising the valuation, only so that it be “to such price or sum as they may believe to be the true value thereof.” As- the petitions do not complain of any reductions of value, we need not consider the duty *233 of the board in that regard, but it is sufficient to say that the duties prescribed are merely directory, and the statute provides no remedy for the enforcement of such direction, and therefore the action taken by the board under the sanction of a solemn oath is presumed to be fair and correct, and is conclusive, subject to the action of the state board of equalization.
It is urged that this is a case in which the boards of equalization had no jurisdiction, and not merely a case of irregular exercise of power. This is not tenable. The petitions admit that the boards of equalization were legaly constituted, and that the auditor placed before them for equalization the returns of the district assessors. Having those returns before them for the purpose of equalization, the boards were thereby invested with jurisdiction of the subject matter, and that jurisdiction continued until they completed their work; and if in the course of exercising that jurisdiction they took into consideration matters not required by the statute, that fact might be irregular, but it would not oust the jurisdiction, and would not render the result of their work void.
The petitions concede in the foreparts of them, that the auditor made out and transmitted to the auditor of state, an abstract of the real property of each township returned by the several assessors, with such additions as had been made thereto, and the aggregate value of such real property as returned by the several assessors, inclusive of such additions as had been made thereto.. True the pleader charges that it was a pretended abstract, and pretended additions; but nevertheless an abstract, and additions. And judging by the strong language hurled against those same additions, in other parts of the petitions, the additions *234 were not mere pretenses, but were substantial both in amount and effect.
The petitions do not charge that the boards did not proceed to equalize the valuations laid before them, but charge that they did not so equalize that each tract or lot of land should be entered on the tax list at its true value, and did not observe the rules prescribed by statute. This concedes that the boards acted upon the returns of the district assessors laid before them by the auditor, and having acted, they undertook to exercise their jurisdiction, and while they may have erred in judgment and proceeding, such error would not render their work void, but only irregular.
The petitions further aver that the decennial boards of equalization proceeded to, and did add to the valuation of the returns made by the district assessors, amounting in the aggregate to $21,304,460: True they charge that this was illegally and arbitrarily done, but still the fact is conceded that it was done, and that the returns of the district assessors - were therefore the basis and foundation to which the additions were made. This and like concessions of fact in the petitions, negative and destroy the averment that the board “wholly ignored and rejected the valuations returned by the district assessors.” When a conceded material fact in a pleading is inconsistent with a general allegation in the same pleading, such conceded fact must prevail, and the general allegation be disregarded. Both cannot be true.
It being conceded in the petitions that the decennial boards of equalization made their additions to the returns of the district assessors, it follows that they had jurisdiction of the subject matter; and all the averments in the petition, as to the manner in which they *235 arrived at the amount of such additions, are insufficient to take away such jurisdiction and render their work void. The statute confers no power on the auditor, to supervise, review, correct, or disregard the work of the hoards. He is one of the board, and is bound by the acts of the majority. He, as auditor, has only such powers as are conferred on him by statute, and there is no statute in this state authorizing him to cast aside the additions made to the valuations returned by the district assessors, and certify the amounts of such returns to the auditor of state, without the additions made by the board of equalization. Such an abstract by the county auditor would be in direct violation of the statute; because section 2817 requires him to make out and transmit to the auditor of state, an abstract of the real property, with the aggregate value as returned by the several district assessors, with such additions as shall have been mad 2 thereto.
We prefer to dispose of these cases upon the merits of the main question involved, and have therefore not decided the technical questions raised by the defendant, nor the question as to whether mandamus is the proper remedy.
The demurrer to each petition will be sustained, and each petition dismissed.

Judgment accordingly.

Minshall, C. J., Williams, Speak, Davis, and Shauck, JJ., concur.